# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WESTPORT INSURANCE CORPORATION,** | CIVIL ACTION NO. 1:05-CV-1252 |
| **Plaintiff** | (Judge Conner) |
| v. | |
| **BLACK, DAVIS & SHUE AGENCY, INC.,** | |
| **Defendant** | |

## **ORDER**

AND NOW, this 16th day of June, 2009, upon consideration of defendant's motion (Doc. 65) for the reimbursement of attorney fees and costs, filed pursuant to the order of court (Doc. 56) granting partial summary judgment in defendant's favor,[1] and it appearing that defendant seeks reimbursement of the attorney fees and costs charged by (1) Melick, Porter & Shea ("MPS"), (2) Joseph A. Klein, Esquire ("Attorney Klein"), (3) Goldberg Katzman, P.C. ("Goldberg"), (4) Robert Knupp, Esquire ("Attorney Knupp"), and (5) Downs Rachlin Martin, PLLC ("DRM"), and it further appearing that plaintiff acknowledges its liability for the fees owed to MPS, (see Doc. 70 at 9), and that Attorney Klein has filed billing

---

[1] The order of court (Doc. 56), which was dated May 30, 2007, held that plaintiff had a duty to provide defendant with a defense in a civil action brought in the Southern District of New York. The New York action is captioned: Gregory V. Serio, Superintendent of Ins. of the State of N.Y., as Rehabilitator of Frontier Ins. Co. v. Black, Davis & Shue Agency, Inc., Civ. A. No. 05-CV-0015 (S.D.N.Y. Jan. 3, 2005) (hereinafter "the Frontier litigation").

records for this litigation, but that the records are insufficiently detailed,[2] and it further appearing that the court has not ruled that plaintiff acted in bad faith in the above-captioned matter, and that defendant is therefore not entitled to fees incurred by virtue of litigating the instant lawsuit, see Kelmo Enters., Inc. v. Commercial Union Ins. Co., 426 A.2d 680, 685 (Pa. Super. Ct. 1981) (holding that an insurer is liable for attorney's fees only if it refuses to defend the insured in bad faith); Trs. of Univ. of Pa. v. Lexington Ins. Co., 815 F.2d 890, 910 (3d Cir. 1987) (same), and it further appearing that defendant has cited no legal authority to justify its request for fees associated with its bankruptcy litigation, and that the invoice filed by DRM (see Doc. 69, Ex. B at p. 42 of 42) does not appear to pertain to the Frontier litigation, it is hereby ORDERED that:

1. The motion (Doc. 65) for reimbursement of attorney fees and costs is GRANTED in part and DENIED in part as follows:

---

[2] The billing invoices submitted by Attorney Klein are over 30 pages in length. (See Doc. 69, Ex. B). A typical entry in these invoices reads: "Black Davis & Shue - General Insurance Company; Westport Insurance Company; Statement for Services Rendered from [e.g.,] September 1, 2005 through September 30, 2005." Descriptions then follow regarding the type of work performed. These descriptions are insufficiently specific, however, and the court is simply unable to determine whether the billed-for activity relates to the Frontier litigation. This lack of detail is critical. District courts are required to undertake a "thorough and searching analysis" of billing statements, and it is necessary to "go line, by line, by line through the billing records supporting the fee request." Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001) (internal citations omitted); Bowers v. Foto-Wear, Inc., No. 3:CV-03-1137, 2007 WL 906417, at *3 (M.D. Pa. Mar. 22, 2007); see also Pub. Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995). If defendant wishes to recoup fees charges by Attorney Klein, it must resubmit invoices containing enough specificity so that the court can link the amount charged to work performed on the Frontier litigation.

a. The motion is GRANTED with respect to defendant's request that plaintiff pay the uncontested fees charged by MPS. (See Doc. 70 at 9.)

b. The motion is DENIED without prejudice with respect to (1) fees charged by Attorney Klein; (2) fees charged by Attorney Knupp relating to defendant's bankruptcy action; and (3) fees charged by DRM.

c. The motion is DENIED with respect to the fees charged by Goldberg that resulted from litigating the above-captioned matter.

                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge